UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

DANIEL NEWMAN,

        Plaintiff,

    v.                               CAUSE NO. 3:19-CV-554-DRL-MGG

ISAIAH RIVERA,

        Defendant.

<u>OPINION & ORDER</u>

Daniel Newman was a prisoner without a lawyer when he filed this case against five defendants. "A document filed *pro se* is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quotation marks and citations omitted). However, under 28 U.S.C. § 1915A, the court must review the merits of a prisoner complaint and dismiss it if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against an immune defendant.

Two defendants named in the complaint are individuals. The other three are business entities: Beacon Health Systems, Memorial Hospital, and Memorial Hospital Police Department. However, a corporation "cannot be held liable under § 1983 on a *respondeat superior* theory." *Calhoun v. Ramsey*, 408 F.3d 375, 379 (7th Cir. 2005). Because the complaint does not plausibly allege facts showing any other basis for liability, they must be dismissed.

Mr. Newman alleges he was denied medical treatment. He does not allege either of the two individual defendants are responsible for denying him medical treatment, however. "[P]ublic employees are responsible for their own misdeeds but not for anyone else's." *Burks v. Raemisch*, 555 F.3d 592, 594 (7th Cir. 2009). He thus can't proceed on a claim for the denial of medical treatment.

Mr. Newman alleges he was arrested at Memorial Hospital on May 20, 2019, by Officers Evan Horvath and Isaiah Rivera. ECF 1 at 3. He attaches a police report explaining he refused to stand up and walk when ordered to do so. ECF 1-1 at 3. Though he disputes a number of facts in the attached reports, he does not dispute that he had to be carried to the police car.

The Fourth Amendment prohibits police from using excessive force. *Graham v. Connor*, 490 U.S. 386, 394 (1989). The question in Fourth Amendment excessive use of force cases is "whether the officers' actions are 'objectively reasonable' in light of the facts and circumstances confronting them, without regard to their underlying intent or motivation." *Id.* at 397. "The test of reasonableness under the Fourth Amendment is not capable of precise definition or mechanical application." *Bell v. Wolfish*, 441 U.S. 520, 559 (1979). Rather, the question is "whether the totality of the circumstances" justifies the officers' actions. *Graham* at 396. The "reasonableness" of a particular use of force must be judged from the perspective of a reasonable officer on the scene, rather than with the perfect vision of hindsight. "Not every push or shove, even if it may later seem unnecessary in the peace of a judge's chambers," violates the Fourth Amendment. *Id.* at 396.

Mr. Newman alleges force was used against him in various ways and that he experienced pain. ECF 1-1 at 3. He alleges a "video will show force being used." ECF 1-1 at 5. However, the mere use of force does not violate the Fourth Amendment. Only excessive force violates the Fourth Amendment. Here, the complaint clearly alleges Officer Horvath used force. It also makes clear the use of some force was necessary. What it does not do is allege sufficient facts from which it can be plausibly inferred the force used was excessive. A complaint must contain sufficient factual matter to "state a claim that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the pleaded factual content allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 556). "Factual allegations must be enough to raise a right to relief

above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Twombly*, 550 U.S. at 555 (quotation marks, citations and footnote omitted). "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not shown—that the pleader is entitled to relief.'" *Iqbal*, 556 U.S. at 679 (quotation marks and brackets omitted). Thus, "a plaintiff must do better than putting a few words on paper that, in the hands of an imaginative reader, *might* suggest that something has happened to her that *might* be redressed by the law." *Swanson v. Citibank, N.A.*, 614 F.3d 400, 403 (7th Cir. 2010) (emphasis in original). The excessive force claim against Officer Horvath must be dismissed.

The allegations against Officer Rivera are different. He is alleged to have "forcefully grabbed my testicles and with force squeezed them." ECF 1 at 3. Then, "[w]hile I was being placed into the police vehicle he again forcefully squeezed them." *Id.* at 4. Mr. Newman alleges Officer Rivera was sexually excited by handling his testicles. These allegations state a claim for an excessive use of force because the complaint alleges facts from which it can be plausibly inferred that these uses of force were not objectively reasonable.

Mr. Newman alleges that during questioning Officer Horvath lied to him about statements made by witnesses and also about his ability to identify illegal drugs in an effort to get him to confess. ECF 1 at 5. Mr. Newman did not confess. "'[T]he law permits the police to pressure and cajole, conceal material facts, and actively mislead,' *United States v. Rutledge*, 900 F.2d 1127, 1131 (7th Cir. 1990), [but] it draws the line at outright fraud, as where police extract a confession in exchange for a false promise to set the defendant free." *Hadley v. Williams*, 368 F.3d 747, 749 (7th Cir. 2004). Here, Officer Horvath is not alleged to have promised to free the defendant nor to have obtained a confession. Because merely lying is not actionable, this claim must be dismissed.

Finally, Mr. Newman alleges Officer Horvath damaged his reputation by releasing information about his arrest to the news media. However, "the interest in reputation asserted in this case is neither 'liberty' nor 'property' guaranteed against state deprivation without due process of law." *Paul v. Davis*, 424 U.S. 693, 712 (1976). This claim must also be dismissed.

Though it is usually necessary to direct service and order the defendant to respond to the complaint, that is unnecessary in this case because Isaiah Rivera has already appeared and filed an answer even though 42 U.S.C. § 1997e(g) did not require that he do so. ECF 7, 8, and 15.

For these reasons, the court:

(1) GRANTS Daniel Newman leave to proceed against Isaiah Rivera in his individual capacity for monetary damages for twice forcefully squeezing his testicles for his own sexual gratification on May 20, 2019, in violation of the Fourth Amendment;

(2) DISMISSES all other claims; and

(3) DISMISSES Beacon Health Systems, Memorial Hospital, Memorial Hospital Police Department, and Evan Horvath.

SO ORDERED.

April 10, 2020                           *s/ Damon R. Leichty*
                                         Judge, United States District Court