UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

DANIEL NEWMAN,

        Plaintiff,

  v.                                     CAUSE NO. 3:19-CV-554-DRL-MGG

ISAIAH RIVERA,

        Defendant.

## OPINION & ORDER

Daniel Newman is proceeding in this case without a lawyer "against Isaiah Rivera in his individual capacity for monetary damages for twice forcefully squeezing his testicles for his own sexual gratification on May 20, 2019, [during his arrest] in violation of the Fourth Amendment." ECF 16 at 4. On September 8, 2020, Officer Rivera filed a summary judgment motion arguing he "did not touch Plaintiff's genital area during his pat down[,] did not touch Plaintiff's testicles[,] did not forcefully grab Plaintiff's testicles[, and] did not squeeze Plaintiff's testicles." ECF 29 at 2. Pursuant to N.D. Ind. L.R. 56-1(f), Officer Rivera provided Mr. Newman a notice that explained (in part):

> Before the court rules on the motion, you have the right to file a response. If you do not respond to the summary-judgment motion, you may lose this case. If you need more time to respond, you must file a motion asking for more time before the deadline expires. The court may — but is not required to — give you more time.

ECF 31 at 2. The notice included a copy of N.D. Ind. L.R. 56-1 that explained, "A party opposing the motion must, within 28 days after the movant serves the motion, file and serve (A) a response brief; and (B) any materials that the party contends raise a genuine

dispute." Because the motion was served by certified mail, Federal Rule of Civil Procedure 6(d) provided an additional three days. The deadline to file a response was October 9, 2020. The deadline has passed, but Mr. Newman has not responded.

Summary judgment must be granted when "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Federal Rule of Civil Procedure 56(a). A genuine issue of material fact exists when "the evidence is such that a reasonable [factfinder] could [find] for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). To determine whether a genuine issue of material fact exists, the court must construe all facts in the light most favorable to the non-moving party and draw all reasonable inferences in that party's favor. *Heft v. Moore*, 351 F.3d 278, 282 (7th Cir. 2003). However, a party opposing a properly supported summary judgment motion may not rely merely on allegations or denials in its own pleading, but rather must "marshal and present the court with the evidence she contends will prove her case." *Goodman v. Nat'l Sec. Agency, Inc.*, 621 F.3d 651, 654 (7th Cir. 2010). "[I]nferences relying on mere speculation or conjecture will not suffice." *Trade Fin. Partners, LLC v. AAR Corp.*, 573 F.3d 401, 407 (7th Cir. 2009). Summary judgment "is the put up or shut up moment in a lawsuit." *Springer v. Durflinger*, 518 F.3d 479, 484 (7th Cir. 2008).

During discovery, Officer Rivera served Mr. Newman with admission requests. Pursuant to Federal Rule of Civil Procedure 36(a)(3), "A matter is admitted unless, within 30 days after being served, the party to whom the request is directed serves on the requesting party a written answer or objection addressed to the matter and signed by the party or its attorney." Mr. Newman did not respond. Thus he has admitted that: "On

2

May 20, 2019, Officer Rivera did not touch [his] genital area during his pat down." ECF 25 at 2. "Officer Rivera did not touch [his] testicles." *Id*. at 4. "Officer Rivera did not forcefully grab [his] testicles." *Id*. "Officer Rivera did not squeeze [his] testicles." *Id*. at 5. Because Mr. Newman's excessive force claim is limited to an allegation that Officer Rivera twice forcefully squeezed his testicles for his own sexual gratification while arresting him on May 20, 2019, these admissions conclusively resolve this case.

For these reasons, the summary judgment motion (ECF 28) is GRANTED in favor of Officer Isaiah Rivera and against Daniel Newman. The clerk is DIRECTED to enter judgment and close this case.

SO ORDERED.

October 16, 2020          *s/ Damon R. Leichty*
                          Judge, United States District Court